# IN THE UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| OSCAR WALDEN, Jr., | ) | |
| | ) | |
| Plaintiff, | ) | No. 04 C 47 |
| | ) | |
| v. | ) | Judge Mark Filip |
| | ) | |
| THE CITY OF CHICAGO, et al., | ) | Mag. Judge Michael T. Mason |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Plaintiff's Motion For Relief Pursuant To Rule 37 ("Motion"). Plaintiff Oscar Walden ("plaintiff") seeks sanctions under Rule 37(d) of the Federal Rules of Civil Procedure ("Rule 37") because defendant City of Chicago ("City") failed to produce a 30(b)(6) witness to testify as to the policies and practices of the Chicago Police Department ("CPD") and the City as alleged in paragraphs 107-110 of the complaint. This matter was referred to this Court by Judge Filip in accordance with 28 U.S.C. § 636(b)(1)(A) and Local Rule 72.1. For the reasons set forth below, the Motion is denied.

**Background**

Plaintiff has sued the City, among other defendants, in a multi-count complaint with claims alleged under both federal and state law. The case involves Walden's arrest and prosecution in 1952 for rape, which resulted in his conviction by a jury for the charged crime. *See generally Illinois v. Walden*, 19 Ill.2d 602, 169 N.E.2d 241 (1960) (denying post-conviction petition following jury verdict of guilty). Walden served approximately fourteen years in prison, and he was released on parole in 1965. Walden received a

general pardon in 1978 from then-Governor James R. Thompson.  In 2003, then-Governor George Ryan granted a pardon of innocence to Walden.

Plaintiff has alleged that in 1952, he was falsely arrested for rape; coercively interrogated; brutalized; subjected to highly suggestive identification procedures; denied counsel; and forced to give an inculpatory statement.  Proceeding under 42 U.S.C. § 1983, plaintiff has further alleged that the Chicago police officers who engaged in this behavior were acting according to the policies and practices of the City and the CPD at the time and that those policies and practices proximately caused plaintiff's arrest, conviction and imprisonment.  In connection with the latter claim, plaintiff served a 30(b)(6) Notice of Deposition on the City, requesting that the City produce a knowledgeable witness to testify to the subject areas relevant to plaintiff's policy and practice claim.  The City does not contest that the 30(b)(6) notice ("notice") was proper.

The subject matters contained in the notice include, for example:

- Any investigation, evaluation, report, findings, analysis, or conclusions done or made by, or for, the Chicago Police Department, the Mayor or his Office or the City of Chicago or any of its subdivisions concerning the allegations set forth in the ACLU Report: "Secret Detention By the Chicago Police Department" (1959).
- All regulations, rules, directives, or orders of the Chicago Police Department which related to the writing, filing, distribution and retention of police reports, memos, notes, files and any other records of investigations, that were in effect at any time between 1945 and 1955.
- Any investigation, evaluation, report, findings, analysis, or conclusions done or made by, or for, the Chicago Police Department, the Mayor or his Office or the City of Chicago or any of its subdivisions concerning the antiblack riot in Englewood Park in 1949 and the conduct of members of the Chicago Police Department in relation to that riot.
- The training of Chicago Police Department employees between 1930 and 1960 as to the avoidance of race discrimination.

2

- The history of the Chicago Police Department between 1930 to 1980.[1]

**Analysis**

Plaintiff seeks sanctions pursuant to Rule 37(d) because the City failed to produce a Rule 30(b)(6) witness in response to plaintiff's notice. Plaintiff seeks either (1) a jury instruction that the policies and practices alleged by the plaintiff existed at the time of his arrest, prosecution and imprisonment, or (2) an order barring the City from challenging the plaintiff's proof as to the policies and practices he has alleged.

Under Rule 30(b)(6), a party may name "as the deponent a public or private corporation or a partnership or association or governmental agency and describe with reasonable particularity the matters on which examination is requested. In that event, the organization so named shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify ... [t]he persons so designated shall testify as to matters known or reasonably available to the organization." Fed. R. Civ. P. 30(b)(6).

The City acknowledges its burden and responsibility to produce a knowledgeable 30(b)(6) witness and takes the position that it has complied with its obligation. The City contends that it made reasonable attempts to produce a knowledgeable witness and designate a witness who could testify based on reference to reasonably available information. The City argues that due to the 55-year passage of time and the fact that virtually all CPD records created prior to 1960 have been discarded, it is unable to produce

---

[1] The notice contained a total of 21 topics. For purposes of example only, we included every fifth topic listed in the notice as an example of the subject matters contained in the notice.

a 30(b)(6) witness who is competent to testify as to the policies and procedures employed by the City and the CPD at the time.

Plaintiff contends that the City's inability to produce a knowledgeable 30(b)(6) witness materially prejudices his claim and that the City should be sanctioned under Rule 37. Rule 37 provides for penalties for a party's failure to present a 30(b)(6) witness. Under Rule 37(d), where a party fails to produce a 30(b)(6) witness, "the court in which the action is pending on motion may make such orders in regard to the failure as are just, and among others it may take any action authorized under subparagraphs (A), (B), and (C) of subdivision (b)(2) of this rule." Fed. R. Civ. P. 37(d).

Plaintiff seeks an order (1) instructing the jury that the City had the policies and practices as alleged in the plaintiff's complaint, or (2) barring the City from contesting plaintiff's proof of the policies and practices. The forms of relief that plaintiff seeks fall under subparagraphs (A) and (B) of Rule 37(b)(2). Under Rule 37(b)(2)(A), the court in which the action is pending may enter "[a]n order that the matters regarding which the order was made or any other designated facts shall be taken to be established for the purposes of the action in accordance with the claim of the party obtaining the order." Fed. R. Civ. P. 37(b)(2)(A). Similarly, Rule 37(b)(2)(B) provides that the court in which the action is pending may enter "[a]n order refusing to allow the disobedient party to support or oppose designated claims or defenses, or prohibiting that party from introducing designated matters in evidence." Fed. R. Civ. P. 37(b)(2)(B).

Plaintiff has attached copies of the correspondence exchanged between the parties between May and December 2006. On May 17, 2006, plaintiff's counsel met with defense counsel to discuss discovery issues, including production of a 30(b)(6) witness. At that

time, the City agreed that it would produce a 30(b)(6) witness for deposition by June 30, 2006. The City failed to produce a 30(b)(6) witness by the agreed upon date. The City continuously failed to produce a 30(b)(6) witness throughout the summer. On October 4, 2006, the City did name a 30(b)(6) witness, Dennis Bingham, but the City later advised plaintiff's counsel that it was withdrawing Mr. Bingham.

By letter dated December 7, 2006, the City informed plaintiff's counsel that a retired CPD employee who began researching and assembling information about the CPD discovered that "virtually all CPD records created prior to 1960 had been discarded." In its Response brief, the City represents that a thorough search of CPD records was conducted and revealed that the City had purged documents created prior to 1960. The City also contends that there is no one currently with the CPD with knowledge of the policies and practices of the CPD in the 1950's.

The long and the short of it is, the City cannot designate a 30(b)(6) witness because it does not have a knowledgeable employee nor is there any information reasonably available to the City from which it could create a knowledgeable 30(b)(6) witness. Too much time has passed and records have been discarded. This is unfortunate for the plaintiff. However, due to the passage of time and the fact that the pertinent records no longer exist, this Court finds that it is not appropriate or just to sanction the City pursuant to Rule 37 for its inability to produce a Rule 30(b)(6) witness. Accordingly, the Motion is denied.

**Conclusion**

For the reasons set forth above, plaintiff's Motion For Relief Pursuant To Rule 37 is denied.

ENTER:

_____
**MICHAEL T. MASON**
**United States Magistrate Judge**

**DATED: February 1, 2007**