# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| OSCAR WALDEN JR., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 04 C 0047 |
| ) | |
| CITY OF CHICAGO, et al., ) | Wayne R. Andersen |
| ) | District Judge |
| Defendants. ) | |
| ) | |
| ) | |

## MEMORANDUM, OPINION AND ORDER

Before the court are objections filed by former Illinois Governor George Ryan and the Illinois Prison Review Board ("PRB") to Magistrate Judge Mason's October 18, 2006 order denying Governor Ryan and the PRB's motions to quash subpoenas. For all of the reasons set forth below, the objections [112, 114] are denied.

## BACKGROUND

Plaintiff Oscar Walden Jr. has sued the City of Chicago, among other defendants, alleging multiple claims of police misconduct relating to his arrest and prosecution for rape in 1952. After a jury trial, Walden was convicted of rape, and his conviction was affirmed on appeal. Walden served almost fourteen years of his 75-year sentence and was released on parole in 1965. Walden received a general pardon in 1978 from Governor James Thompson. Then in 2003, Governor Ryan granted Walden a pardon for innocence. Prior to issuing the pardon, the PRB had provided Governor Ryan a clemency recommendation to use in deciding whether to pardon Walden.

Over the passage of time, all of the witnesses with knowledge of the facts underlying Walden's allegations in this case, including the victim who identified Walden as her assailant both prior to and during the criminal trial and all of the police officers involved in his arrest and prosecution have died. Consequently, other than Walden himself, there is no one alive with personal knowledge of the relevant facts. Walden has stated his intention to offer his 2003 pardon for innocence as proof of his innocence in support of his claims in this case.

The City of Chicago issued subpoenas to both Governor Ryan and the PRB seeking information relating to the PRB's findings and recommendations to Governor Ryan and the reasons behind Governor Ryan's decision to grant a pardon to Walden. Both Governor Ryan and the PRB argued that the discovery sought by the City is not relevant, and even if it were relevant, it is privileged. The City claimed that the information is relevant because Walden has stated his intention to offer his 2003 pardon as proof of his innocence in support of his claims in this case. The City also argued that in order to defend itself it needs to know what information Governor Ryan considered and relied on to grant the pardon and that the Governor is the only source of that information.

On October 18, 2006, Judge Mason denied Governor Ryan's motion to quash the City's subpoena seeking discovery related to his decision as Illinois governor to grant a pardon to Walden. Judge Mason also denied the PRB's motion to quash the City's subpoena seeking discovery of the PRB's findings and recommendations to Governor Ryan concerning Walden's pardon and granted the City's motion to compel. Governor Ryan and the PRB have filed objections to Judge Mason's order and request that this court overturn Judge Mason's ruling and quash the subpoenas served upon them.

**DISCUSSION**

The standard of review of a magistrate judge's ruling on pretrial discovery issues is whether the order is clearly erroneous or contrary to law. FED. R. CIV. P. 72(a). A finding is clearly erroneous when, although there is evidence to support it, the reviewing court is left with the definite and firm conviction that a mistake has been committed. *United States v. U.S. Gypsom Co.*, 33 U.S. 364, 395 (1948).

**I. The Subpoenas Issued by the City of Chicago Seek to Discover Relevant Information**

Discovery must be "relevant to the subject matter involved in the action." FED. R. CIV. P. 26(b)(1). The scope of relevant discovery is not limited to evidence admissible at trial but extends to "discovery [that] appears reasonably calculated to lead to admissible evidence." *Id.* However, a court may quash or modify a subpoena if it "requires disclosure of privileged or other protected matter and no exception or waiver applies, or subjects a person to undue burden." FED. R. CIV. P. 45(c)(3)(A)(iii), (iv).

This court has no doubt that the information sought under the subpoenas is relevant to the claims at issue in this lawsuit. Clearly, there is relevant information contained in the PRB's findings and recommendations pertinent to Governor Ryan's decision to pardon Walden, and the reasoning and information behind Governor Ryan's decision to pardon Walden bear directly on the weight that his pardon should be given in this case.

Under the broad scope allowed for discovery, the City of Chicago is entitled to inquire about such information since Walden has stated that he intends to present it at trial. However, it is important to clarify what is not at issue in these subpoenas. First, the City is not questioning the power of the governor of Illinois to pardon, nor does the City seek to challenge or attack the

validity of the pardon Governor Ryan granted to Walden. These subpoenas and subsequent motions concern only the discoverability of the information sought in the subpoenas not whether that information will be admitted as evidence at trial. Decisions about the admissibility of evidence will be determined at a later time.

**II. The City's Subpoena Will Not Hinder the Exercise of a Core Constitutional Power**

Governor Ryan's first argument is that the subpoena improperly seeks to inquire into his exercise of core constitutional power. It is not disputed that a governor's power to pardon is unfettered and may not be overturned. *See People v. ex rel. Madigan v. Snyder*, 804 N.E.2d 546, 556 (Ill. 2004). However, the City is not seeking to challenge or overturn the pardon. To the contrary, the City seeks to inquire about whether the pardon was based upon actual evidence of innocence, and if so, what that evidence is. Judge Mason specifically recognized in his order that "the power of the Governor is *not* at issue." 10/18/06 Order at 2.

The City of Chicago faces serious allegations of misconduct, including allegations that its policies, customs and practices caused now-deceased police officers to coerce Walden into confessing to a rape he did not commit, for which he is seeking millions of dollars in damages. We agree with Judge Mason and believe that fundamental fairness entitles the City to explore the basis for the pardon as it is the sole basis that permits him to sue in the first place. Moreover, there is no other witness from which to get this information.

**III. Information Sought from Governor Ryan Is Not Protected by Any Privilege**

Governor Ryan seeks to prevent his testimony pursuant to the City's subpoena under a claim of executive privilege. Because this case arises under the court's federal question jurisdiction, all questions of privilege are governed by federal law. *See Memorial Hosp. for*

4

*McHenry County v. Shadur*, 664 F.2d 1058, 1061 (7th Cir. 1981). Here, Governor Ryan attempts to invoke two forms of executive privilege: the deliberative process privilege and the executive communications privilege. Judge Mason rejected both arguments, and we find nothing clearly erroneous or contrary to the law in Judge Mason's ruling.

      A.  <u>The information requested is not protected by the deliberative process privilege</u>

The deliberative process privilege extends only to communications that are predecisional, that is, generated before the adoption of agency policy, and deliberative, that is, reflecting the give-and-take of the consultative process. *United States v. Bd. of Educ. of City of Chicago*, 610 F. Supp. 695, 698 (N.D. Ill. 1985). In determining whether the deliberative process privilege applied, Judge Mason relied on *Evans v. City of Chicago*, 231 F.R.D. 302 (N.D. Ill. 2005) (J. Schenkier). In *Evans*, a pardoned former inmate brought a civil rights claim against the City of Chicago and several police officers. *Id.* at 315-16. In that case, Judge Schenkier rejected Governor Ryan and the PRB's claim of deliberative process privilege and ordered Governor Ryan's deposition and the PRB to produce the requested documents, including the PRB's recommendation memorandum. *Id.* at 318-19. At the same stage of the proceedings here, the court in *Evans* rejected the same argument that Governor Ryan and the PRB advance in this case: "[W]e cannot say that the information sought by the police officer defendants is outside the scope of 'relevance' as defined in Rule 26, at least insofar as the police officer defendants seek documents and testimony to probe the basis of the pardon. Accordingly, the Court overrules the Respondents' arguments that none of the requested documents or testimony is relevant." *Id.* at 310.

To satisfy the threshold showing of whether the privilege applies to information sought to be protected, three elements must be shown to assert the privilege: (1) the department head with control over the information must make a formal claim of privilege; (2) the responsible official must demonstrate, typically by affidavit, precise and certain reasons for preserving the confidentiality of the documents in question; and (3) the official must specifically identify and describe the documents. *See Ferrell v. U.S. Dept. of Housing and Urban Development*, 177 F.R.D. 425, 428 (quoting *K.L., L.F. & R.B. v. Edgar*, 964 F. Supp. 1206, 1209 (N.D. Ill. 1997)). If the threshold showing is satisfied, then the party seeking the documents has the burden of showing a "particularized need" for the documents. *United States v. Farley*, 11 F.3d 1385, 1389 (7th Cir. 1993).

Judge Mason rejected Governor Ryan's assertion of the deliberative process privilege finding that he failed to submit an affidavit regarding the reasons for asserting the privilege, failed to demonstrate any precise and certain reasons for preserving the confidentiality and failed to specifically identify and describe the protected information about which he will be asked at his deposition. 10/18/06 Order at 3. Because Governor Ryan failed to satisfy the threshold requirements, Judge Mason did not consider the City's particularized need for the documents.

Specifically, Judge Mason recognized that Governor Ryan had failed to file an affidavit in support of his claim of privilege. Judge Mason concluded that even if Governor Ryan's motion to quash the subpoena could be construed as a formal claim of privilege, he had failed to demonstrate any precise and certain reasons for preserving the confidentiality. Judge Mason also concluded that Governor Ryan failed to specifically identify and describe the protected information about which he will be asked during his deposition. Judge Mason held that it is

unlikely "that Governor Ryan would be unable to give any testimony that would fall outside an applicable privilege."  10/18/06 Order at 4.  Judge Mason held that taken as a whole, Governor Ryan failed to satisfy the threshold showing necessary to make a prima facie showing that the deliberative process privilege applies.  *Id.*  We find nothing clearly erroneous or contrary to the law in Judge Mason's ruling.

      B.  <u>The executive communications privilege does not apply</u>

Governor Ryan also claims that the information sought by the City of Chicago's subpoena is protected by the executive communications privilege.  Judge Mason found no federal authority for extending to a state governor the Presidential communications privilege.  10/18/06 Order at 3.  Neither has this court.  Federal courts have recognized the presidential communications privilege as belonging only to the President of the United States.  *Cheney v. U.S. Dist. Ct. for Dist. of Columbia*, 542 U.S. 367, 381-82 (2004) (citing cases).  Therefore, the information sought by the City's subpoena is not protected by the executive communication privilege.

**IV.  Information Sought from the PRB Also Is Not Protected by Any Privilege**

The PRB also asserts the deliberative process privilege in response to the City's subpoenas.  Judge Mason similarly concluded that the privilege did not attach to any of the documents the PRB withheld from production because the PRB also failed to properly assert the privilege.  10/18/06 Order at 4.  We find nothing clearly erroneous nor contrary to the law.  Under the broad scope of what is discoverable information, the City of Chicago is entitled to the information requested from the PRB in the subpoenas at issue.

In addition to the deliberative process privilege, the PRB asserts six other "privileges": (1) the executive communications privilege; (2) the attorney-client privilege; (3) the work product privilege; (4) 730 ILCS 5/3-3-13; (5) 20 Ill. Admin. Code 1610.180 and 20 Admin. Code 1610.30(b)(1)(); and (6) HIPPA. Although the PRB asserted these privileges, it did not submit any argument whatsoever in support of these privileges. Therefore, Judge Mason concluded that the PRB had waived these privilege arguments. We agree.

Finally, the City of Chicago's motion also seeks to compel the deposition of a PRB member involved with its decision to recommend Walden's pardon to Governor Ryan. Although the PRB provided no argument to Judge Mason against making a PRB board member available for deposition and Judge Mason concluded that the PRB had waived any argument with respect to deposing a PRB board member, this court declines to compel the deposition of a PRB member at this time. This issue may be raised again, if necessary, at a later date after the City of Chicago has had an opportunity to review the documents produced by the PRB and to depose Governor Ryan about his decision.

**V. The City's Need for the Information Outweighs any Assertion of Privilege**

The City's need for the information also is an important consideration in our analysis. Even if we were to find that Governor Ryan and the PRB properly asserted their claims of privilege, the assertion of privilege is not absolute. As stated above, if the threshold showing for the assertion of a privilege is satisfied, then the party seeking the documents has the burden of showing a "particularized need" for the documents. *Farley*, 11 F.3d at 1389.

In this case, Governor Ryan pardoned Walden based on a finding of innocence. It is clear that the premise of Walden's claims is that he is actually innocent of the crime for which he

8

was convicted. We agree with Judge Mason that there is no other source to which the City can go to discover the basis of that determination but Governor Ryan and the findings and recommendation of the PRB. In this case, Governor Ryan's testimony and the PRB's findings and recommendations to the former Governor are the only sources of information which will allow the City to explore the basis and merits of Walden's pardon as proof of his actual innocence. This is a unique case with a particularized need given the specific circumstance of this case. Governor Ryan argues that his compelled testimony concerning Walden's pardon will create a chilling effect on future governors. We disagree. This is a narrow request in a unique case. The risk that future pardon decisions will be chilled by requiring Governor Ryan to be deposed in the unusual circumstance of this case is small and is certainly outweighed by the City's particularized need in this case. Therefore, we conclude that the City of Chicago's need for the specific information it seeks – Governor Ryan's deposition testimony and the PRB's documents relating to Walden – outweighs the arguments for the application of any privilege in the particular circumstances of this case.

## CONCLUSION

For all of the reasons stated in this court's Memorandum Opinion and Order, the objections [112, 114] filed by former Illinois Governor George Ryan and the Illinois Prison Review Board to Magistrate Judge Mason's October 18, 2006 order denying Governor Ryan and

the PRB's motions to quash subpoenas are denied. This matter is referred to Magistrate Judge Mason for the purposes of discovery supervision and settlement.

_____
Wayne R. Andersen
United States District Judge

Dated: November 3, 2009