# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | | |
|---|---|---|
| Oscar Walden | ) | |
| | ) | |
| | ) | Case No. 04 C 0047 |
| Plaintiff, | ) | |
| | ) | Judge Castillo |
| v. | ) | |
| | ) | |
| City of Chicago | ) | |
| | ) | |
| Defendant. | ) | |

**<u>DEFENDANT'S PROPOSED JURY INSTRUCTIONS</u>**

Members of the jury, you have seen and heard all the evidence and arguments of the plaintiff and defendants. Now I will instruct you on the law.  You have two duties as a jury. Your first duty is to decide the facts from the evidence in the case. This is your job, and yours alone.

Your second duty is to apply the law that I give you to the facts. You must follow these instructions, even if you disagree with them. Each of the instructions is important, and you must follow all of them.

Perform these duties fairly and impartially. Do not allow sympathy, prejudice or fear to influence you. You should not be influenced by any person's race, color, religion, national ancestry, or sex.

Nothing I say now, and nothing I said or did during the trial, is meant to indicate any opinion on my part about what the facts are or about what your verdict should be.

During this trial, if I have asked a witness a question myself.  Do not assume that because I asked questions I hold any opinion on the matters I asked about, or on what the outcome of the case should be.

Defendant's Instruction No. 1

7th Cir. Pattern Instruction 1.01

GIVEN: _____

REFUSED: _____

WITHDRAWN: _____

OBJECTION: _____

In this case, Defendant City of Chicago is a municipal entity and Plaintiff Oscar Walden Jr. is a private party. All parties are equal before the law. Defendant and Plaintiff are entitled to the same fair consideration.

Defendant's Instruction No. 2

7th Cir. Pattern Instruction 1.03 (modified)

GIVEN: _____

REFUSED: _____

WITHDRAWN: _____

OBJECTION: _____

The evidence consists of the testimony of the witnesses, the exhibits admitted in evidence, and stipulations.

Defendant's Instruction No. 3

7th Cir. Pattern Instruction 1.04

GIVEN: _____

REFUSED: _____

WITHDRAWN: _____

OBJECTION: _____

Certain things are not to be considered as evidence. I will list them for you:

First, if I told you to disregard any testimony or exhibits or struck any testimony or exhibits from the record, such testimony or exhibits are not evidence and must not be considered.

Second, anything that you may have seen or heard outside the courtroom is not evidence and must be entirely disregarded. This includes any press, radio, Internet or television reports you may have seen or heard. Such reports are not evidence and your verdict must not be influenced in any way by such publicity.

Third, questions and objections or comments by the lawyers are not evidence. Lawyers have a duty to object when they believe a question is improper. You should not be influenced by any objection, and you should not infer from my rulings that I have any view as to how you should decide the case.

Fourth, the lawyers' opening statements and closing arguments to you are not evidence. Their purpose is to discuss the issues and the evidence. If the evidence as you remember it differs from what the lawyers said, your memory is what counts.

Defendant's Instruction No. 4

7th Cir. Pattern Instruction 1.06

GIVEN: _____

REFUSED: _____

WITHDRAWN: _____

OBJECTION: _____

Any notes you have taken during this trial are only aids to your memory. The notes are not evidence. If you have not taken notes, you should rely on your independent recollection of the evidence and not be unduly influenced by the notes of other jurors. Notes are not entitled to any greater weight than the recollections or impressions of each juror about the testimony.

Defendant's Instruction No. 5

7th Cir. Pattern Instruction 1.07

GIVEN: _____

REFUSED: _____

WITHDRAWN: _____

OBJECTION: _____

In determining whether any fact has been proved, you should consider all of the evidence bearing on the question regardless of who introduced it.

Defendant's Instruction No. 6

7th Cir. Pattern Instruction 1.08

GIVEN: _____

REFUSED: _____

WITHDRAWN: _____

OBJECTION: _____

If I instructed you that I admitted certain evidence for a limited purpose, then you must consider this evidence only for the limited purpose for which it was admitted.

Defendant's Instruction No. 7

7th Cir. Pattern Instruction 1.09 (modified)

GIVEN: _____

REFUSED: _____

WITHDRAWN: _____

You should use common sense in weighing the evidence and consider the evidence in light of your own observations in life. In our lives, we often look at one fact and conclude from it that another fact exists. In law we call this "inference." A jury is allowed to make reasonable inferences. Any inference you make must be reasonable and must be based on the evidence in the case.

Defendant's Instruction No. 8

7th Cir. Pattern Instruction 1.11

GIVEN: _____

REFUSED: _____

WITHDRAWN: _____

OBJECTION: _____

You may have heard the phrases "direct evidence" and "circumstantial evidence." Direct evidence is proof that does not require an inference, such as the testimony of someone who claims to have personal knowledge of a fact. Circumstantial evidence is proof of a fact, or a series of facts, that tends to show that some other fact is true.

As an example, <u>direct evidence</u> that it is raining is testimony from a witness who says, "I was outside a minute ago and I saw it raining." <u>Circumstantial evidence</u> that it is raining is the observation of someone entering a room carrying a wet umbrella.

The law makes no distinction between the weight to be given to either direct or circumstantial evidence. You should decide how much weight to give to any evidence.  In reaching your verdict, you should consider all the evidence in the case, including the circumstantial evidence.

Defendant's Instruction No. 9

7th Cir. Pattern Instruction 1.12

GIVEN: _____

REFUSED: _____

WITHDRAWN: _____

OBJECTION: _____

You must decide whether the testimony of each of the witnesses is truthful and accurate, in part, in whole, or not at all. You also must decide what weight, if any, you give to the testimony of each witness.

In evaluating the testimony of any witness, including any party to the case, you may consider, among other things:

- the ability and opportunity the witness had to see, hear, or know the
   things that the witness testified about;

- the witness's memory;

- any interest, bias, or prejudice the witness may have;

- the witness's intelligence;

- the manner of the witness while testifying;

- and the reasonableness of the witness's testimony in light of all the
   evidence in the case.

Defendant's Instruction No. 10

7th Cir. Pattern Instruction 1.13

GIVEN: _____

REFUSED: _____

WITHDRAWN: _____

OBJECTION: _____

You may consider statements given by a party under oath before trial as evidence of the truth of what he said in the earlier statements, as well as in deciding what weight to give his testimony.

With respect to other witnesses, the law is different.  If you decide that, before the trial, one of these witnesses made a statement not under oath or acted in a manner that is inconsistent with his testimony here in court, you may consider the earlier statement or conduct only in deciding whether his testimony here in court was true and what weight to give to his testimony here in court.

In considering a prior inconsistent statement or conduct, you should consider whether it was simply an innocent error or an intentional falsehood and whether it concerns an important fact or an unimportant detail.

Defendant's Instruction No. 11

7th Cir. Pattern Instruction 1.14

GIVEN: _____

REFUSED: _____

WITHDRAWN: _____

OBJECTION: _____

You may find the testimony of one witness or a few witnesses more persuasive than the testimony of a larger number. You need not accept the testimony of the larger number of witnesses.

Defendant's Instruction No. 12

7th Cir. Pattern Instruction 1.17

GIVEN: _____

REFUSED: _____

WITHDRAWN: _____

OBJECTION: **_____**

When I say a particular party must prove something by "a preponderance of the evidence," or when I use the expression "if you find," or "if you decide," this is what I mean: When you have considered all the evidence in the case, you must be persuaded that it is more probably true than not true.

Defendant's Instruction No.13

7th Cir. Pattern Instruction 1.27

GIVEN:_____

REFUSED: _____

WITHDRAWN: _____

OBJECTION: _____

In this case, plaintiff Oscar Walden Jr. has made 5 claims.

1.      Officer Faculak and Sweitzer coerced plaintiff's confession in violation of his constitutional rights;

2.      Officer Faculak and Sweitzer coerced plaintiff's confession in violation of his constitutional rights to equal protection under the law;

3.      The City of Chicago had certain policies and/or practices which caused plaintiff's rights to be violated.

4.      Faculak or Sweitzer intentionally caused the plaintiff to suffer emotional distress;

5.      Faculak or Sweitzer caused plaintiff to be maliciously prosecuted for criminal proceedings;

Defendant's Instruction No. 14

7th Cir. Pattern Instruction 7.08 (modified)

GIVEN:_____

REFUSED: _____

WITHDRAWN: _____

OBJECTION: _____

## FIRST CLAIM: COERCED CONFESSION

In this case, plaintiff claims that police officers Faculak and Sweitzer coercively questioned him to cause a coerced confession in violation of his constitutional rights. To succeed on this claim, plaintiff must prove each of the following by a preponderance of the evidence:

1.      Faculack and Sweitzer used coercion to obtain a confession from plaintiff.

2.      The coerced confession was used in a criminal proceeding against plaintiff.

If you find that plaintiff has proved each of these things by a preponderance of the evidence, then you should go on to consider plaintiff's third claim on municipality liability.

If, on the other hand, you find that plaintiff did not prove any one of these things by a preponderance of the evidence, then you should find for the City of Chicago, and you will not consider the question of municipality liability and damages.

Defendant's Instruction No. 15

*Sornberger v. City of Knoxville*, 434 F.3d 1006 (7th Cir. 2006).
Jackson v. City of Chicago 03 C 8289 (Castillo, J)

GIVEN:_____

REFUSED: _____

WITHDRAWN: _____

OBJECTION: _____

## SECOND CLAIM: EQUAL PROTECTION

In this case, plaintiff claims that police officers Faculak and Sweitzer coercively questioned him to cause a coerced confession in violation of his right to equal protection under the law.  To succeed on this claim, plaintiff must prove each of the following by a preponderance of the evidence:

1.      Faculack and Sweitzer used coercion to obtain a confession from plaintiff because he was African American;

2.      The coerced confession was used in a criminal proceeding against plaintiff.

If you find that plaintiff has proved each of these things by a preponderance of the evidence, then you should go on to consider plaintiff's third claim on municipality liability.

If, on the other hand, you find that plaintiff did not prove any one of these things by a preponderance of the evidence, then you should find for the City of Chicago, and you will not consider the question of municipality liability and damages.

Defendant's Instruction No. 16

*Sornberger v. City of Knoxville*, 434 F.3d 1006 (7th Cir. 2006).

*Walden v. City of Chicago*

GIVEN:_____

REFUSED: _____

WITHDRAWN: _____

OBJECTION: _____

## THIRD CLAIM: MUNICIPAL LIABILITY

A municipality is liable for the deprivation of a person's constitutional rights by one of its police officers if the moving force behind the unconstitutional actions of the police officer was a policy, practice, or custom of the municipality, and the municipality was deliberately indifferent to the danger that its policy, practice, or custom could cause the constitutional violation.

In this case plaintiff claims his confession was coerced as a violation of his constitutional rights. It is plaintiff's burden, on his claim against the City of Chicago for violation of his constitutional rights, to prove each of the following elements by a preponderance of the evidence:

1.      In 1951-2, the City of Chicago had a policy, practice or custom of coercing confessions;

2.      The moving force behind the police officers' actions leading to the violation of plaintiff's constitutional rights was any of these alleged policies, practices, or customs;

3.      The City Council of the City of Chicago was deliberately indifferent to the danger that any of these alleged policies, practices, or customs could lead to the violation of plaintiff's constitutional rights;

4.      The violation of plaintiff's constitutional rights was the proximate or legal result of any of these alleged policies, practices, or customs of the City of Chicago.

If you find from your consideration of the evidence that each of these elements has been proven by plaintiff by a preponderance of the evidence and you find for plaintiff on his First or Second claim then your verdict should be for plaintiff and against the City of Chicago on plaintiff's policy and practice claim.

If, on the other hand, you find that plaintiff did not prove any one of these things by a preponderance of the evidence, then you should find for the City of Chicago, should be against plaintiff and for the City of Chicago.


Defendant's Instruction No. 17

Fifth Circuit Pattern Jury Instructions, No. 10.3 (Modified)
*Monell v. Dept. of Social Services of the City of New York,* 436 U.S. 658 (1978)
*Board of County Commissioners of Bryan County, Oklahoma v. Brown*, 520 U.S. 397 (1997)
*Auriemma v. Rice,* 957 F.2d 397, 400 (7th Cir. 1992)


_____ Given

_____ Given as Modified

_____ Refused

_____ Withdrawn

## DEFINITION OF "OFFICIAL POLICY"

When I use the term "official policy," I mean:

A rule or regulation passed by the City Council of the City of Chicago; or,

A custom or practice of coercing confessions that is so persistent and widespread, that it is the City of Chicago's standard operating procedure.  A persistent and widespread pattern may be a custom even if the City of Chicago has not formally approved it, so long as plaintiff proves that the official policymaker knew of the pattern and allowed it to continue.

Defendant Instruction No. 18

7th Circuit Federal Jury Instructions (Civil), No. 7.20

_____ Given
_____ Given as Modified
_____ Refused
_____ Withdrawn

## DELIBERATE INDIFFERENCE DEFINED

When I use the term "deliberate indifference," I mean that the City Council of the City of Chicago actually knew of a substantial risk that its alleged policies, practices, or customs would lead to the violation of plaintiff's constitutional rights, and that it consciously disregarded that risk by failing to take reasonable measures to prevent such violations. Deliberate indifference requires more than negligence or ordinary lack of due care. It requires a deliberate or conscious choice to follow a course of action from among various alternatives.

Defendant's Instruction No. 19

Seventh Circuit Federal Jury Instructions (Civil), No. 7.14 (Modified)
*Farmer v. Brennan,* 511 U.S. 825 (1994)
*City of Canton v. Harris*, 489 U.S. 378 (1989)
*Pembaur v. City of Cincinnati*, 475 U.S. 469 (1986)
*Palmquist v. Selvik*, 111 F.3d 1332 (7th Cir. 1997)

____ Given
____ Given as Modified
____ Refused
____ Withdrawn

## MUNICIPAL LIABILITY – OFFICIAL POLICYMAKERS

The City Council of the City of Chicago is the official policymaking body for the City of

Chicago.

Defendant's Instruction No. 20

Ninth Circuit Model Civil Jury Instructions, No. 11.13 (Modified) (if necessary)
*Auriemma v. Rice,* 957 F.2d 397, 400 (7th Cir. 1992)
*City of St. Louis v. Praprotnik,* 485 U.S. 112, 127 (1988)

\_\_\_\_ Given
\_\_\_\_ Given as Modified
\_\_\_\_ Refused
\_\_\_\_ Withdrawn

## FOURTH CLAIM: INTENTIONAL INFLICTION OF
## EMOTIONAL DISTRESS

In this case, plaintiff claims that Faculak and Sweitzer intentionally inflicted emotional distress upon him.

To succeed in this claim, plaintiff must prove each of the following by a preponderance of the evidence:

1.      The conduct of Faculak or Sweitzer in commencing or continuing the prosecution against plaintiff was extreme and outrageous;

2.      That Faculak or Sweitzer either intended this conduct to inflict severe emotional distress or knew that there was a high probability that this conduct would do so; and

3.      That plaintiff in fact suffered severe emotional distress as a result.

Conduct is "extreme and outrageous" only if it is so outrageous in character, and so extreme in degree, as to go beyond all bounds of human decency.  Mere insults, indignities, threats, annoyances, petty oppressions or trivialities do not amount to extreme and outrageous conduct.

The degree of power or authority which a person has over another may impact the determination of whether that person's conduct is extreme and outrageous.  When threats of improper use of authority are alleged, the plaintiff must show that he reasonably believed that those threats would be carried out.

Whether conduct is extreme and outrageous is evaluated on an objective standard based on all of the facts and circumstances.

If you find from your consideration of all of the evidence that the plaintiff has proven each of the propositions listed above, then you should find in favor of plaintiff on his intentional inflection of emotional distress claim against the City of Chicago.

If, however, you find from your consideration of all of the evidence that plaintiff has not proven each of these propositions, then you should find against plaintiff and in favor of the City of Chicago on the intentional inflection of emotional distress claim.

Defendant's Instruction No. 21

*Doe v. Calumet City*, 204 Ill. Dec. 274, 282-3 (1994)
*Schiller v. Mitchell*, 357 Ill. App. 3d, 435, 447 (2d Dist. 2005)
*Home Savings and Loan Association of Joliet v. Schneider,* 91 Ill. Dec. 590 (1985)
*McGrath v. Fahey,* 126 Ill. Dec. 724, 728 (1988)
*Oates v. Discovery Zone,* 116 F.3d 1161, 1174 (7th Cir. 1997)
*Evans v. City of Chicago*, 434 F.3d 916, 934 (7th Cir. 2006)

Jackson v. City of Chicago 03 C 8289 (Castillo, J)
\_\_\_\_ Given
\_\_\_\_ Given as Modified
\_\_\_\_ Refused
\_\_\_\_ Withdrawn

## FIFTH CLAIM: MALICIOUS PROSECUTION

Under Illinois law, the plaintiff must establish by a preponderance of the evidence all of the following propositions against Faculak or Sweitzer in order to recover for his malicious prosecution claim:

1.  That Faculak or Sweitzer commenced or continued a criminal proceeding against plaintiff without probable cause;

2.  That Faculak or Sweitzer acted with malice in commencing or continuing the criminal proceeding;

3.  That the criminal proceeding terminated in favor of Plaintiff in a manner indicating his innocence;

4.  That Plaintiff suffered damages as the proximate cause of the criminal proceeding;

5.  That Faculak or Sweitzer acted in a willful and wanton manner.

A police officer is considered to have commenced criminal proceedings if he aggressively pushes for the initiation of a criminal proceeding against the defendant.

Malice is proved by showing that the prosecutor was moved to act only by a police officer's improper motives.

Thus, if you find from your consideration of all of the evidence that the plaintiff has proven each of the propositions listed, then you should find in favor of the plaintiff and against the City of Chicago on her malicious prosecution claim.

If, however, you find from your consideration of all the evidence that each of propositions listed above has not been proven, then you should find against the plaintiff and in favor of the City of Chicago on the malicious prosecution claim.

Defendant's Instruction No. 22

*Fabiano v. City of Palos Hills*, 336 Ill. App. 3d 635, 642 (1st Dist. 2002)
*Toro v. P.O.R. Gainer #19418, et al.*, 370 F.Supp.2d 736, 741 (N.D. Ill. 2005)
*Newsome v. McCabe*, 256 F.3d 747 (7th Cir. 2000).

Jackson v. City of Chicago 03 C 8289 (Castillo, J) (did not include willful and wanton element)


\_\_\_\_ Given
\_\_\_\_ Given as Modified
\_\_\_\_ Refused
\_\_\_\_ Withdrawn

In order for a police officer to be liable for a malicious prosecution, the police officer either must have initiated a criminal proceeding or his participation was so of so active and positive a character as to amount to advice and cooperation.

Defendant's Instruction No. 23

*Fabiano v. City of Palos Hills*, 336 Ill.App.3d 635, 647 (1st Dist. 2002).
*Denton v. Allstate Ins. Co*., 152 Ill.App.3d 578, 583 (1st Dist. 1986).

GIVEN: _____

REFUSED: _____

WITHDRAWN: _____

OBJECTION: _____

Let me explain what probable cause means. There is probable cause to charge someone with a crime if a prudent person would have believed that Plaintiff had committed or was committing a crime. In making this decision, you should consider what Defendants knew and what reasonably trustworthy information Defendants had received.

Probable cause requires more than just a suspicion. But it does not need to be based on evidence that would be sufficient to support a conviction, or even a showing that Defendant's belief was probably right.

There is probable cause to charge someone with rape if the rape victim identifies to the police the person she claims raped her.

Defendant's Instruction No. 24

7th Cir. Pattern Instruction 7.06 (modified)
*Askew v. City of Chicago*, 440 F.3d 894, 895 (7th Cir. 2006); *Mustafa,* 442 F.3d at 548;
*Woods v. City of Chicago*, 234 F.3d 979, 996 (7th Cir. 2000);
*Spiegel v. Cortese*, 196 F.3d 717, 724 (7th Cir. 1999);
*Gramenos v. Jewel Companies, Inc.,* 797 F.2d 432, 439 (7th Cir.1986),
*Grimm v. Churchill*, 932 F.2d 674, 675 (7th Cir. 1991);
*Gerald M. v. Conneely*, 858 F.2d 378, 381 (7th Cir. 1988).

GIVEN: _____

REFUSED: _____

WITHDRAWN: _____

OBJECTION: _____

**WILLFUL AND WANTON CONDUCT**

When I use the expression "willful and wanton conduct" I mean a course of action which shows actual or deliberate intention to harm or which, if not intentional, shows an utter indifference to or conscious disregard for the safety of others.

Defendant's Instruction No. 25

GIVEN: _____

REFUSED: _____

WITHDRAWN: _____

OBJECTION: _____

If you find that plaintiff has proved claims 1 or 2 by a preponderance of the evidence, you

can consider whether the City of Chicago is liable to plaintiff on claim 3.   If, however, you find

from your consideration of all the evidence that plaintiff has not proved either claims 1 or 2, then

you should not consider claim 3.

Defendant's Instruction No. 26

7th Circuit Pattern Jury Instructions 7.19

GIVEN:_____

REFUSED: _____

WITHDRAWN: _____

OBJECTION: _____

You have heard testimony that was given in plaintiff's criminal proceeding in 1952, as evidence in this case, because the witnesses are no longer living.

Prior criminal trial testimony, like testimony here in court, is entitled to the same consideration and to be judged, insofar as possible, in the same way as if the witness had been alive and present to testify.

Do not place any significance on the behavior or tone of voice of any person reading the questions or answers.

Defendant's Instruction No. 27

7th Circuit Pattern Jury Instructions 2.08 (modified)

GIVEN:_____

REFUSED: _____

WITHDRAWN: _____

OBJECTION: _____

You have heard witnesses give opinions about matters requiring special knowledge or skill.  You should judge this testimony in the same way that you judge the testimony of any other witness.  The fact that such person has given an opinion does not mean that you are required to accept it.  Give the testimony whatever weight you think it deserves, considering the reasons given for the opinion, the witness's qualifications, and all of the other evidence in the case.

Defendant's Instruction No. 28

7th Cir. Pattern Instruction 1.21

GIVEN: _____

REFUSED: _____

WITHDRAWN: _____

OBJECTION: _____

If you decide for the Defendant on the question of liability, then you should not consider the question of damages for that Defendant.

Defendant's Instruction No. 29

7th Cir. Pattern Instruction 1.31

GIVEN:_____

REFUSED: _____

WITHDRAWN: _____

OBJECTION: _____

If you find that Plaintiff has proved any of his claims against any of the Defendants, then you must determine what fair amount of damages, if any, Plaintiff is entitled to recover. You should not interpret the fact that I have given instructions about the plaintiff's damages as an indication in any way that I believe that the plaintiff should, or should not, win this case. It is your task first to decide whether Defendants are liable. I am instructing you on damages only so that you will have guidance in the event that you decide that Defendants are liable and that the plaintiff is entitled to recover money from Defendants.

Defendant's Instruction No. 30

5th Cir. Pattern Jury Instr. 15.1 (1999)

GIVEN:_____

REFUSED: _____

WITHDRAWN: _____

OBJECTION: _____

If you find in favor of Plaintiff, then you must determine the amount of money that will fairly compensate Plaintiff for any injury that you find he sustained in this case.   These are called "compensatory damages."

Plaintiff must prove his damages by a preponderance of the evidence. Your award must be based on evidence and not speculation or guesswork. This does not mean, however, that compensatory damages are restricted to the actual loss of money; they include both the physical and mental aspects of injury, even if they are not easy to measure.

You should consider the following types of compensatory damages, and no others: The physical, and mental/emotional pain and suffering that plaintiff has experienced. No evidence of the dollar value of physical, mental/emotional pain and suffering, and loss of normal life, has been or needs to be introduced. There is no exact standard for setting the damages to be awarded on account of pain and suffering. You are to determine an amount that will fairly compensate the Plaintiff for the injury he has sustained.

If you find in favor of Plaintiff but find that the plaintiff has failed to prove compensatory damages, you must return a verdict for Plaintiffs in the amount of one dollar ($1.00).

Defendant's Instruction No. 31
7th Circuit Pattern Instruction 7.23 (as modified)

GIVEN:_____

REFUSED: _____

WITHDRAWN: _____

OBJECTION: _____

Upon retiring to the jury room, you must select a presiding juror. The presiding juror will preside over your deliberations and will be your representative here in court.

Forms of verdict have been prepared for you.

[Forms of verdict read.]

Take these forms to the jury room, and when you have reached unanimous agreement on the verdict, your presiding juror will fill in and date the appropriate form, and all of you will sign it.

Defendant's Instruction No. 32

7th Cir. Pattern Instruction 1.32

GIVEN:_____

REFUSED: _____

WITHDRAWN: _____

OBJECTION: _____

I do not anticipate that you will need to communicate with me.  If you do need to communicate with me, the only proper way is in writing.  The writing must be signed by the presiding juror, or, if he or she is unwilling to do so, by some other juror.  The writing should be give to the marshal, who will give it to me.  I will respond either in writing or by having you return to the courtroom so that I can respond orally.

If you do communicate with me, you should not indicate in your note what your numerical division is, if any.

Defendant's Instruction No. 33

7th Cir. Pattern Instruction 1.33

GIVEN:_____

REFUSED: _____

WITHDRAWN: _____

OBJECTION: _____

The verdict must represent the considered judgment of each juror. Your verdict, whether for or against the parties, must be unanimous.

You should make every reasonable effort to reach a verdict. In doing so, you should consult with one another, express your own views, and listen to the opinions of your fellow jurors. Discuss your differences with an open mind. Do not hesitate to reexamine your own views and change your opinion if you come to believe it is wrong. But you should not surrender your honest beliefs about the weight or effect of evidence solely because of the opinions of other jurors or for the purpose of returning a unanimous verdict.

All of you should give fair and equal consideration to all the evidence and deliberate with the goal of reaching an agreement that is consistent with the individual judgment of each juror. You are impartial judges of the facts.

Defendant's Instruction No. 34

7th Cir. Proposed Pattern Instruction 1.34

GIVEN:_____

REFUSED: _____

WITHDRAWN: _____

OBJECTION: _____

## GUILT OR INNOCENCE INSTRUCTION

As I mentioned during the trial, although plaintiff's guilt or innocence is not directly before you, you may consider plaintiff's guilt or innocence in deciding plaintiff's claims. If you find that plaintiff, Oscar Walden Jr., raped Elsie Andersen, but also find against City of Chic3ago on any one of plaintiff's claims, then you must return a verdict for plaintiff in the amount of one dollar ($1.00).

Defendant's Instruction No. 35

*Carey v. Piphus*, 435 U.S. 247, 266 (1978)

GIVEN:_____

REFUSED: _____

WITHDRAWN: _____

OBJECTION: _____

## SPECIAL INTERROGATORY No. 1

Did plaintiff, Oscar Walden Jr., rape Elsie Andersen?

YES_____                            NO_____

Defendant's Instruction No. 36

GIVEN:_____

REFUSED: _____

WITHDRAWN: _____

OBJECTION: _____

**SPECIAL INTERROGATORY No. 2**

1.      The City of Chicago had a policy and practice in 1951-2 of coercing confessions.

YES_____                              NO_____

2.      Plaintiff, Oscar Walden Jr's, confession was coerced.

YES_____                              NO_____

3.      Plaintiff's confession was the coerced as a proximate result of the City of Chicago policy and practice.

YES_____                              NO_____

Defendant's Instruction No. 37

GIVEN:_____

REFUSED: _____

WITHDRAWN: _____

OBJECTION: _____

**VERDICT FORM**

We, the jury, find as to each of the claims of plaintiff in this case as follows:

(Place an "X" on the appropriate line as to each party and claim.)

**Part I**

    **I.**    **Plaintiff's Coerced Confession Claim:**

    _____For Plaintiff        _____For Defendant

    **II.**    **Plaintiff's Equal Protection Claim:**

    _____For Plaintiff        _____For Defendant

    **III.**    **Plaintiff's Policy and Practice Claim:**

    _____For Plaintiff        _____For Defendant

    **IV.**    **Plaintiff's Intentional Infliction of Emotional Distress Claim:**

    _____For Plaintiff        _____For Defendant

    **V.**    **Plaintiff's Malicious Prosecution Claim**:

    _____For Plaintiff        _____For Defendant

**Part II**

      If you have found in favor of the defendant on all the claims enter a zero award for plaintiff.  If you have found for the plaintiff and against defendant as to one or all of plaintiff's claims on this verdict form, fill in the amount of compensatory damages that plaintiff is awarded as to the claims:

      Plaintiff, Oscar Walden Jr., is awarded $_____ in compensatory damages.

_____      _____
PRESIDING JUROR

_____      _____

_____      _____

_____      _____