## IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| OSCAR WALDEN, JR., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. 04 C 0047 |
| v. | ) | |
| | ) | Hon. Ruben Castillo |
| CITY OF CHICAGO, et al., | ) | |
| | ) | |
| Defendant. | ) | |

## DEFENDANT'S RULE 50 MOTION FOR JUDGMENT AS A MATTER OF LAW

Defendant City of Chicago, by one its attorneys, moves this Court pursuant to Rule 50 for Judgment as a Matter of Law. In support thereof, Defendant states as follows:

### INTRODUCTION

The City of Chicago renews the arguments it made in support of its motion to dismiss and motion for summary judgment. Specifically, plaintiff's coerced confession claim, as previously briefed in defendant's motion for summary judgment, is time barred. It follows then that if plaintiff's coerced confession claim is time barred, plaintiff's *Monell* claim fails as a matter of law. *Cornfield by Lewis v Consolidated High School Dist. No. 230*, 991 F.2d 1316, 1326 (7th Cir. 1993) (A *Monell* claim requires an underlying constitutional violation).

In addition, in light of the Court's ruling on Ms. Andersen's testimony as being only relevant to a malicious prosecution claim, the City also moves to dismiss the IIED claim as being time-barred. *See Evans v. City of Chicago*, 434 F.3d 916, 933-34 (7th Cir. 2006); Mosely v. City of Chicago 2009 WL 3097211 *10 (N.D.Ill September 22, 2009)(Coar, J).

As such, to the extent the claim is related to the prosecution, the claim no fails because plaintiff has withdraw any claim for malicious prosecution. Plaintiff was prosecuted based on

the identification made by Ms. Andersen. If plaintiff is referring to emotional distress caused by the officers in coercing his confession, that claim is time-barred. *Id.*

## LEGAL STANDARD

Judgment as a matter of law is appropriate when "a party has been fully heard on an issue during a jury trial and the court finds that a reasonable jury would not have a legally sufficient evidentiary basis to find for the party on that issue ..." Fed.R.Civ.P. 50(a)(1). When deciding a motion for judgment as a matter of law, the court considers "whether any rational jury could have found for" the nonmoving party. *Med. Protective Co. v. Kim*, 507 F.3d 1076, 1085 (7th Cir. 2007). Conducting this analysis, the court "must draw all inferences in favor of the nonmoving party," *Tart v. Ill. Power Co.*, 366 F.3d 461, 472, and "may not make credibility determinations or reweigh the evidence." Id. In addition, the court "must disregard all evidence favorable to the moving party that the jury is not required to believe." *Id.* Because of the sensitive and difficult issues of fact in employment discrimination cases, the court is especially careful in these cases to avoid replacing its view of the credibility or weight of the evidence for that of the jury. *Id.*

## I.    PLAINTIFF'S FIFTH AMENDMENT CLAIM(S) ARE TIME BARRED.

Count IV of plaintiff's Complaint alleges that police coerced his confession and used it against him in violation of the Fifth Amendment. As with the Fourth Amendment claims, which plaintiff conceded were untimely, plaintiff's Fifth Amendment claim accrued at the moment his confession was coerced and he was booked. *Wallace v. Kato*, 549 U.S. 384, 388 (2007); *see also Lanza v. City of Chicago*, 2009 WL 1543680 (N.D .Ill. 2009)(Andersen, J).

A Fifth Amendment constitutional injury occurs at the time the plaintiff's statement is used against him in a criminal proceeding. *Sornberger v. City of Knoxville*, 434 F.3d 1006, 1023-1027 (7th Cir. 2006). Here, plaintiff claims his confession was coerced and he was forced

to be in jail as a result. Therefore, Plaintiff's Fifth Amendment claim accrued in January 1952. Plaintiff did not file the suit, however, until January 6, 2004. Since, the Complaint was filed well outside of the applicable two year statute of limitations period, plaintiff's coercive interrogation claim, Count IV, should be summarily dismissed.

Although there is no Seventh Circuit or Supreme Court case directly addressing this issue, the Supreme Court's reasoning in *Wallace v. Kato* 127 S.Ct. 1091, 1100 (2007), addressing Fourth Amendment claims is equally applicable to plaintiff's Fifth Amendment coerced confession claim. As the Supreme Court explained, *Heck's* delayed accrual rule does not apply until there is a conviction and has no applicability to a possible *future conviction*. *Wallace*, 127 S.Ct. at 1097-98. That is because courts should not be forced to speculate about whether a prosecution will be brought, or whether it will result in a conviction, at a time when it can hardly be known what evidence prosecutors will have and whether particular pieces of evidence will be crucial to a conviction. *Id.* at 1098. By definition, at the time the alleged involuntary confession was used against Walden (either as evidence to detain him at the probable cause/bond hearing, or during the pre-trial motion to suppress the confession) there was no extant conviction. Accordingly, under the reasoning of *Wallace*, Walden's Fifth Amendment claim is time-barred.

Plaintiff has argued that his Fifth Amendment right against self-incrimination is a trial right akin to the *Brady*-based trial right espoused in *Newsome v. McCabe*, 256 F.3d 747, 752 (7th Cir. 2001), and therefore, the accrual of this Fifth Amendment claim was deferred until this conviction was invalidated in 2002. This argument is flawed. Fundamentally, it ignores that the Fifth Amendment right against self-incrimination does not require a conviction to be actionable. The constitutional tort is complete once the involuntary statement has been used against the

individual.

In fact, this was the precise point of *Sornberger*. In that case, the Seventh Circuit extended the protection under the self-incrimination clause to pre-trial criminal proceedings, holding that Teresa Sornberger was compelled to be a witness against herself in a criminal case in violation of the Fifth Amendment self-incrimination clause when her confession was introduced as evidence of her guilt at a probable cause hearing, a bail hearing, and an arraignment proceeding. 434 F.3d at 1027. So too was Walden compelled to be a witness against himself when his alleged involuntary confession was introduced against him as early as the probable cause to detain hearing, and certainly by the time of the pre-trial motion to suppress hearing. The constitutional tort was complete at that time and was, therefore, actionable under Section 1983. Again, by definition, there was no conviction at that time. Indeed, at the time his confession was used as evidence against him in the pre-trial proceedings, Walden did not know, and could not know, whether there would be a conviction. Under *Wallace*, Walden had no basis to wait for conviction. For the same reasons, *Lanza* and *Hudson*'s Fifth Amendment claims were time-barred. *See Lanza v. City of Chicago*, 2009 WL 1543680, *3 (N.D. Ill. June 2, 2009) (Relying on *Wallace*, holding plaintiff was on notice of his coerced confession being used against him at a 2002 suppression hearing, making his 2008 Fifth Amendment civil claim untimely); *see also Hudson v. Cassidy*, 2006 WL 3524420, *5 (N.D. Ill. Dec. 5, 2006)(Plaintiff's "[F]ifth [A]mendment claim resulting from an attempt to use [his] confession accrued as early as January 2000. This suit was filed nearly six years after that date, on September 29, 2005." Therefore, the claim is time-barred).

In this Court ruling on summary judgment, the Court rejected defendant's reliance on *Lanza* and *Hudson* for the reason that both of the cases resulted in a dismissal of charges as

opposed to a conviction (like Walden). Defendant respectfully disagrees with the Court's reasoning because the dismissal of the charges makes no difference to the accrual date. The Supreme Court explained that an "adoption of a principle that….an action which would impugn *an anticipated future conviction* cannot be brought until that conviction occurs and is set aside" is "bizarre." *Wallace,* 127 S.Ct. at 1097-98. Accordingly, conviction or not, a Fifth Amendment coerced claim accrues at the time the violation occurs – as opposed to some undetermined time in the future.

While the Supreme Court in *Wallace* did not address a Fifth Amendment claim, its analysis leaves no room to dispute the result: Heck "delays what would otherwise be the accrual date of a tort action until the setting aside *of an extant conviction* which success in that tort action would impugn." *Wallace,* 127 S.Ct. at 1097-98 (internal quotations omitted). There simply was no extant conviction when Walden alleged involuntary confession was used against him in violation of the Fifth Amendment self- incrimination clause at his underlying criminal proceedings.

The Supreme Court is clear that such an extension of *Heck* is "bizarre" and one that they are "not disposed to embrace." *Wallace,* 127 S.Ct. at 1097-98. The Supreme Court explained:

> What petitioner seeks, in other words, is the adoption of a principle that goes well beyond *Heck:* that an action which would impugn *an anticipated future conviction* cannot be brought until that conviction occurs and is set aside. The impracticality of such a rule should be obvious. In an action for false arrest it would require the plaintiff (and if he brings suit promptly, the court) to speculate about whether a prosecution will be brought, whether it will result in conviction, and whether the pending civil action will impugn that verdict [] all this at a time when it can hardly be known what evidence the prosecution has in its possession…..If a plaintiff files a false-arrest claim before he has been convicted (or files any other claim related to rulings that will likely be made in a pending or anticipated criminal trial), it is within the power of the district court, and in accord with common practice, to stay the civil action until the criminal case or the likelihood of a criminal case is ended.

*Wallace,* 127 S.Ct. at 1097-98.

In fact, the Supreme Court's parenthetical of "(or files any other claim related to rulings that will likely be made in a pending or anticipated criminal trial)," suggests their holding was not limited to Fourth Amendment claims.

Finally, Walden's confession was not only the piece of evidence that was used to convict Walden. The rape victim testified extensively about what she claimed Walden did to her. Ms. Andersen testified in graphic detail of she claimed Walden did to her. She testified that she was with him over an hour and only identified him after being shown at least 15-20 other individuals. She identified him on multiple occasions. Her testimony would have been enough to convict without the confession. As such, plaintiff coerced confession claim would not have been *Heck* barred, because the conviction could stand based on the identification alone. *Heck* bars damages claim that would "necessarily demonstrates the invalidity of [a] conviction." *Heck v. Humphrey*, 512 U.S. 477, 481-82 (1994). Here, plaintiff's conviction, based on Ms. Andersen's identification, could have remained and he still could seek damages for his coerced confession claim. As such, the claim is time-barred.

Accordingly, for all the reasons discussed above, defendants renew all their defenses raised in their prior motions to dismiss and motion for summary, and specifically request this Court dismiss plaintiff's Fifth Amendment claim and *Monell* claim as time-barred.

## II. PLAINTIFF'S *MONELL* CLAIM FAILS.

The City of Chicago renews its arguments on *Monell* made at summary judgment, but make additional points based on the trial testimony.

To establish a *Monell* claim, plaintiff must demonstrate the existence of any genuine issue of material fact as to (1) whether a deliberate action exists, attributable to the City, that is the moving force behind Plaintiff's constitutional injuries, (2) whether the City's final

policymaker was deliberately indifferent to any of the policies and practices Plaintiff attributes to the City, or (3) whether these practices were the direct cause, or moving force, behind Plaintiff's constitutional injuries.

Although plaintiff spoke about 1931 and 1960, plaintiff offered no evidence to support that there was a policy and practice in City of Chicago to coerce confessions in 1951. Joseph Lipari did identify any specific cases of abuse in 1951, 1950, 1949, or any year within 10 years of Walden's arrest. Lipari mainly discussed issues regarding detentions, but could not cite to any cases of coerced confession in the 1940 or 50s. This hardly establishes a pattern and practice of coercing confession. Fundamentally, Lipari did not establish who the final policy maker was in 1951 or that they specifically, in 1951, were deliberately indifferent to disciplining officers who's confession were coerced. Moreover, it's plaintiff's burden to establish that officers were not disciplined. There is no evidence that the officers were not disciplined. Moreover, plaintiff's failed to prove that even if there was a policy, the policy was the direct cause of plaintiff's confession. Even Lipari admitted that he was only "asked to make an assessment of these patterns and practices, not an assessment of Mr. Walden's case" (Tr. Transcript at 180) and "I wasn't brought in to testify specially about Mr. Walden's case" (Id. at 231). Therefore, plaintiff failed to meet his burden on his *Monell* claim and it should be dismissed.

WHEREFORE, this Court should grant judgment as a matter of law on all or part of the claims as addressed herein.


Respectfully submitted,

/s/Avi T. Kamionski
Avi T. Kamionski


Andrew M. Hale

7

Avi T. Kamionski
Andrew M. Hale & Associates, LLC
53 West Jackson Blvd., Suite 1800
Chicago, IL 60604
(312)341-9646