# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

OSCAR WALDEN, JR.,            )
                             )
    Plaintiff,             )
                             )
       vs.                )    No. 04 C 47
                             )    Judge Ruben Castillo
THE CITY OF CHICAGO, et al.   )
                             )
    Defendants.            )

## COURT'S JURY INSTRUCTIONS

FILED

FEB 2 3 2011

FEB 23 2011
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

Members of the jury, you have seen and heard all the evidence and arguments of the plaintiff and defendants. Now I will instruct you on the law. You have two duties as a jury. Your first duty is to decide the facts from the evidence in the case. This is your job, and yours alone.

Your second duty is to apply the law that I give you to the facts. You must follow these instructions, even if you disagree with them. Each of the instructions is important, and you must follow all of them.

Perform these duties fairly and impartially. Do not allow sympathy, prejudice or fear to influence you. You should not be influenced by any person's race, color, religion, national ancestry, or sex.

Nothing I say now, and nothing I said or did during the trial, is meant to indicate any opinion on my part about what the facts are or about what your verdict should be.

In this case, Defendant City of Chicago is a municipal entity and Plaintiff Oscar Walden Jr. is a private party. All parties are equal before the law. Defendant and Plaintiff are entitled to the same fair consideration.

The evidence consists of the testimony of the witnesses, the exhibits admitted in evidence, and stipulations.

Certain things are not to be considered as evidence. I will list them for you:

First, if I told you to disregard any testimony or exhibits or struck any testimony or exhibits from the record, such testimony or exhibits are not evidence and must not be considered.

Second, anything that you may have seen or heard outside the courtroom is not evidence and must be entirely disregarded. This includes any press, radio, Internet or television reports you may have seen or heard. Such reports are not evidence and your verdict must not be influenced in any way by such publicity.

Third, questions and objections or comments by the lawyers are not evidence. Lawyers have a duty to object when they believe a question is improper. You should not be influenced by any objection, and you should not infer from my rulings that I have any view as to how you should decide the case.

Fourth, the lawyers' opening statements and closing arguments to you are not evidence. Their purpose is to discuss the issues and the evidence. If the evidence as you remember it differs from what the lawyers said, your memory is what counts.

Any notes you have taken during this trial are only aids to your memory. The notes are not evidence. If you have not taken notes, you should rely on your independent recollection of the evidence and not be unduly influenced by the notes of other jurors. Notes are not entitled to any greater weight than the recollections or impressions of each juror about the testimony.

In determining whether any fact has been proved, you should consider all of the evidence bearing on the question regardless of who introduced it.

If I instructed you that I admitted certain evidence for a limited purpose, then you must consider this evidence only for the limited purpose for which it was admitted.

You should use common sense in weighing the evidence and consider the evidence in light of your own observations in life.  In our lives, we often look at one fact and conclude from it that another fact exists.  In law we call this "inference."  A jury is allowed to make reasonable inferences. Any inference you make must be reasonable and must be based on the evidence in the case.

You may have heard the phrases "direct evidence" and "circumstantial evidence." Direct evidence is proof that does not require an inference, such as the testimony of someone who claims to have personal knowledge of a fact. Circumstantial evidence is proof of a fact, or a series of facts, that tends to show that some other fact is true.

As an example, <u>direct evidence</u> that it is raining is testimony from a witness who says, "I was outside a minute ago and I saw it raining." <u>Circumstantial evidence</u> that it is raining is the observation of someone entering a room carrying a wet umbrella.

The law makes no distinction between the weight to be given to either direct or circumstantial evidence. You should decide how much weight to give to any evidence. In reaching your verdict, you should consider all the evidence in the case, including the circumstantial evidence.

You must decide whether the testimony of each of the witnesses is truthful and accurate, in part, in whole, or not at all. You also must decide what weight, if any, you give to the testimony of each witness.

In evaluating the testimony of any witness, including any party to the case, you may consider, among other things:

- the ability and opportunity the witness had to see, hear, or know the

  things that the witness testified about;

- the witness's memory;

- any interest, bias, or prejudice the witness may have;

- the witness's intelligence;

- the manner of the witness while testifying;

- and the reasonableness of the witness's testimony in light of all the

  evidence in the case.

You may consider statements given by a party under oath before trial as evidence of the truth of what he said in the earlier statements, as well as in deciding what weight to give his testimony.

With respect to other witnesses, the law is different. If you decide that, before the trial, one of these witnesses made a statement not under oath or acted in a manner that is inconsistent with his testimony here in court, you may consider the earlier statement or conduct only in deciding whether his testimony here in court was true and what weight to give to his testimony here in court.

In considering a prior inconsistent statement or conduct, you should consider whether it was simply an innocent error or an intentional falsehood and whether it concerns an important fact or an unimportant detail.

You may find the testimony of one witness or a few witnesses more persuasive than the testimony of a larger number. You need not accept the testimony of the larger number of witnesses.

It is proper for a lawyer to meet with any witness in preparation for trial.

You have heard witnesses give opinions about matters requiring special knowledge or skill. You should judge this testimony in the same way that you judge the testimony of any other witness. The fact that such person has given an opinion does not mean that you are required to accept it.  Give the testimony whatever weight you think it deserves, considering the reasons given for the opinion, the witness's qualifications, and all of the other evidence in the case.

You have heard testimony that was given in plaintiff's criminal proceeding in 1952, as evidence in this case, because the witnesses are no longer living.

Prior criminal trial testimony, like testimony here in court, is entitled to the same consideration and to be judged, insofar as possible, in the same way as if the witness had been alive and present to testify.

Do not place any significance on the behavior or tone of voice of any person reading the questions or answers.

Under Illinois law, a pardon of innocence overturns the criminal conviction and renders it null and void.

The Court takes judicial notice of the fact that the Illinois Prisoner Review Board, an official agency of the State of Illinois entrusted with the duty to consider applications for pardons of innocence, voted in favor of granting a pardon of innocence to Oscar Walden, and Governor Ryan agreed to the recommendation and granted the pardon of innocence.

When I say a particular party must prove something by "a preponderance of the evidence," or when I use the expression "if you find," or "if you decide," this is what I mean: When you have considered all the evidence in the case, you must be persuaded that it is more probably true than not true.

In this case, plaintiff Oscar Walden has made 3 separate claims against the City of Chicago:

1.      Officers Faculak and/or Sweitzer coerced a confession from him in violation of his constitutional right to be free from coercive interrogation and that this violation was caused by one or more de facto policies, practices and/or customs of the City of Chicago;

2.      Officers Faculak and/or Sweitzer violated plaintiff's constitutional right to equal protection of law and that this violation was caused by one or more de facto policies, practices and/or customs of the City of Chicago;

3.      That Chicago police officers Ryan, Sweitzer, Faculak, O'Brien, Walsh or Murphy intentionally caused the plaintiff to suffer emotional distress.

In this case, plaintiff claims that police officers Faculak and/or Sweitzer coercively questioned him and as a result obtained a coerced confession in violation of his constitutional rights. To succeed on this claim, plaintiff must prove by a preponderance of the evidence that Faculak and/or Sweitzer used physical and/or psychological coercion to obtain a confession from him.

If you find that plaintiff has proved this by a preponderance of the evidence, then you should go on to consider whether the City of Chicago is liable for the constitutional violation.

If, on the other hand, you find that plaintiff did not prove this by a preponderance of the evidence, then you should find for the City of Chicago on this claim, and you will not consider the question of municipality liability and damages.

In this case, plaintiff claims that police officers Faculak and/or Sweitzer coercively questioned him and as a result obtained a coerced confession in violation of his right to equal protection under the law. To succeed on this claim, plaintiff must prove by a preponderance of the evidence that Faculak and/or Sweitzer used physical and/or psychological coercion to obtain a confession from plaintiff because he was African American.

If you find that plaintiff has proved this by a preponderance of the evidence, then you should go on to consider whether the City of Chicago is liable for the constitutional violation.

If, on the other hand, you find that plaintiff did not prove this by a preponderance of the evidence, then you should find for the City of Chicago on this claim, and you will not consider the question of municipality liability and damages.

If you find that Plaintiff Oscar Walden has proved by a preponderance of the evidence that Faculak and/or Sweitzer coerced a confession from him in violation of his constitutional rights, you must consider whether the City of Chicago is liable to Oscar Walden. The City is not liable on these claims simply because it employed Faculak and Sweitzer. The City is liable only if Oscar Walden proves, by a preponderance of the evidence, that the violation of his rights was a result of the City's de facto policy, practice or custom.

In this case, plaintiff has alleged that in 1951-52 the City of Chicago had a de facto policy, practice or custom, which caused his coerced confession. This alleged policy is:

That the City of Chicago and its police department had a *de facto* policy, practice and/or custom of conducting physically, psychologically or otherwise illegal or improper coercive interrogations of suspects and arrestees in order to coerce confessions and obtain wrongful convictions;

If you find that the plaintiff has established this alleged de facto policy practice or custom by a preponderance of the evidence, and if you further find that this de facto policy, practice or custom was a proximate cause of a violation of plaintiff's constitutional right to be free from coercive interrogation, then your verdict should be for the plaintiff and against the City on this claim.

If, on the other hand, you find that plaintiff did not prove the alleged de facto policy, practice or custom by a preponderance of the evidence, or if you find that plaintiff has failed to prove by a preponderance of evidence that his constitutional right to be free from coercive interrogation was violated as a result of this de facto policy, practice or custom, then you should find for the City of Chicago and against the plaintiff on this claim.

If you find that Plaintiff Oscar Walden has proved by a preponderance of the evidence that Faculak and/or Sweitzer violated his right to equal protection of law, you must consider whether the City of Chicago is liable to Oscar Walden. The City is not responsible on these claims simply because it employed Faculak and Sweitzer. The City is liable only if Oscar Walden proves, by a preponderance of the evidence, that the violation of his rights was a result of the City's de facto policy, practice or custom.

In this case, plaintiff has alleged that in 1951-52 the City of Chicago had a de facto policy, practice or custom, which caused Faculak and/or Sweitzer to use physical and/or psychological coercion to obtain a confession from him because he was African American. This alleged policy is:

That the City of Chicago and its police department had a *de facto* policy, practice and/or custom of conducting physically, psychologically or otherwise illegal or improper coercive interrogations of suspects and arrestees in order to coerce confessions and obtain wrongful convictions, particularly where the suspect was a black man accused of raping a white woman;

If you find that the plaintiff has established this alleged policy, practice and custom by a preponderance of the evidence, and if you further find this de facto policy, practice or custom was a proximate cause of a violation of plaintiff's constitutional right to be free from coercive interrogation, then your verdict should be for the plaintiff and against the City on this claim.

If, on the other hand, you find that plaintiff did not prove either of this alleged de facto policy, practice or custom by a preponderance of the evidence, or if you find that plaintiff has failed to prove by a preponderance of evidence that his constitutional right to equal protection of law was violated as a result of these de facto policy, practice or custom, then you should find for the City of Chicago and against the plaintiff on this claim.

When I use the term "de facto policy practice and/or custom," I mean a custom that was persistent and widespread, so that it was the City of Chicago's standard operating procedure. A persistent and widespread pattern may be a custom even if the City of Chicago had not formally approved it, so long a plaintiff proves that a policy-making official knew of the pattern and allowed it to continue. This includes a situation where a policy-making official must have known about a subordinate's actions or failures to act by virtue of the policy-making official's position.

An injury or damage is proximately caused by an act or a failure to act whenever it appears from the evidence that the act or failure to act played a substantial part in bringing about or actually causing the injury or damage, and that the injury or damage was either a direct result or a reasonably probable consequence of the act or omission.

The law does not necessarily recognize only one proximate cause of an injury or damage, consisting of only one factor or thing, or the conduct of only one person. On the contrary, many factors or things or the conduct of two or more persons may operate at the same time either independently or together to cause injury or damage, and in such a case, each may be a proximate cause.

In order for Oscar Walden, to recover damages against the City of Chicago for an alleged constitutional violation he must show that the particular de facto policy, custom, or practice was the moving force behind the constitutional violation alleged. This means that Oscar Walden must show an affirmative link between an alleged de facto policy, custom, or practice of the City and a violation of one or both of the alleged violations of his constitutional rights.

In this case, plaintiff claims that an employee or employees of the City of Chicago intentionally inflicted emotional distress upon him. To succeed in this claim, plaintiff must prove each of the following by a preponderance of the evidence:

1.	The conduct of City of Chicago police officers Ryan, Sweitzer, Faculak, O'Brien, Walsh or Murphy in connection with the prosecution of Oscar Walden was extreme and outrageous;

2.	That City of Chicago police officers Ryan, Sweitzer, Faculak, O'Brien, Walsh or Murphy either intended this conduct to inflict severe emotional distress or knew that there was a high probability that this conduct would do so; and

3.	That plaintiff in fact suffered severe emotional distress as a result.

Conduct is "extreme and outrageous" only if it is so outrageous in character, and so extreme in degree, as to go beyond all bounds of human decency. Mere insults, indignities, threats, annoyances, petty oppressions or trivialities do not amount to extreme and outrageous conduct.

The degree of power or authority which a person has over another may impact the determination of whether that person's conduct is extreme and outrageous. When threats of improper use of authority are alleged, the plaintiff must show that he reasonably believed that those threats would be carried out.

Whether conduct is extreme and outrageous is evaluated on an objective standard based on all of the facts and circumstances.

If you find from your consideration of all of the evidence that the plaintiff has proven each of the propositions listed above, then you should find in favor of plaintiff on his intentional infliction of emotional distress claim against the City of Chicago.

If, however, you find from your consideration of all of the evidence that plaintiff has not proven any one of these propositions, then you should find against plaintiff and in favor of the City of Chicago on the intentional infliction of emotional distress claim.

If you find that Plaintiff has proved any of his claims against the City of Chicago, then you must determine what amount of damages, if any, Plaintiff is entitled to recover.

If you find that Plaintiff has failed to prove his claims against the City of Chicago, then you will not consider the question of damages.

If you find in favor of Plaintiff, then you must determine the amount of money that will fairly compensate Plaintiff for any injury that you find he sustained and is reasonably certain to sustain in the future. These are called "compensatory damages.

Plaintiff must prove his damages by a preponderance of the evidence. Your award must be based on evidence and not speculation or guesswork. This does not mean, however, that compensatory damages are restricted to the actual loss of money; they include both the physical and mental aspects of injury, even if they are not easy to measure.

You should consider the following types of compensatory damages, and no others:

The physical and mental/emotional pain and suffering and disability/loss of a normal life that Plaintiff has experienced and is reasonably certain to experience in the future. No evidence of the dollar value of physical or mental/emotional pain and suffering or disability/loss of a normal life has been or needs to be introduced. There is no exact standard for setting the damages to be awarded on account of pain and suffering. You are to determine an amount that will fairly compensate the Plaintiff for the injury he has sustained.

Upon retiring to the jury room, you must select a presiding juror. The presiding juror will preside over your deliberations and will be your representative here in court.

Forms of verdict have been prepared for you.

[Forms of verdict read.]

Take these forms to the jury room, and when you have reached unanimous agreement on the verdict, your presiding juror will fill in and date the appropriate form, and all of you will sign it.

I do not anticipate that you will need to communicate with me.  If you do need to communicate with me, the only proper way is in writing.  The writing must be signed by the presiding juror, or, if he or she is unwilling to do so, by some other juror.  The writing should be give to the marshal, who will give it to me.  I will respond either in writing or by having you return to the courtroom so that I can respond orally.

If you do communicate with me, you should not indicate in your note what your numerical division is, if any.

The verdict must represent the considered judgment of each juror. Your verdict, whether for or against the parties, must be unanimous.

You should make every reasonable effort to reach a verdict. In doing so, you should consult with one another, express your own views, and listen to the opinions of your fellow jurors. Discuss your differences with an open mind. Do not hesitate to reexamine your own views and change your opinion if you come to believe it is wrong. But you should not surrender your honest beliefs about the weight or effect of evidence solely because of the opinions of other jurors or for the purpose of returning a unanimous verdict.

All of you should give fair and equal consideration to all the evidence and deliberate with the goal of reaching an agreement that is consistent with the individual judgment of each juror. You are impartial judges of the facts.